## Case No. 14,855.

### UNITED STATES v. COOKE et al.

[29 Leg. Int. 221; 1 16 Int. Rev. Rec. 143: 9 Phila. 468: 5 Am. Law T. 166.]

District Court, E. D. Pennsylvania. Nov. 25, 1871.

PAYMENT—MISTAKE—FORGED SIGNATURE—LACHES.

Where an officer of the United States paid a draft upon a forged signature. and more than six years afterwards suit was brought to recover the same from the banker, who had innocently collected the san.e: Held, the action not to be sustained.

[Cited in The Innocenta, Case No. 7,050.]

John K. Valentine and Aubrey H. Smith, for the United States.

George D. Budd and John Clayton, for Jay Cooke & Co.

Before CADWALADER, District Judge.

Charles M. Colton. Asst. Surgeon U. S. Army. placed in the hands of Ira B. M'Vay & Co., bankers of Pittsburgh, a pay roll for collection. which M'Vay & Co. sent to Jay Cooke & Co., at Philadelphia. The latter firm received the money from Paymaster Riche. June 24th, 1863, transmitted it to M'Vay & Co., who paid it over to the supposed Colton. The order attached to the pay roll, and the endorsement were as follows:

"Paymaster Major Taggart, U. S. Army will please pay to Messrs. Ira B. M'Vay & Co., or order. the amount of the within roll. Charles M. Colton. Asst. Surgeon U. S. A.

"Pay to Jay Cooke & Co., or order. Ira B. M'Vay & Co.

"Jay Cooke & Co."

Sometime in the year 1869. it was discovered that the signature of Charles M. Colton was a forgery, and November 6th. 1869. suit was brought against Jay Cooke & Co. by the United States, to recover the amount of the pay roll.

On the trial the learned judge charged the jury that the fact of the forgery was fully established, but that the case did not differ from the familiar one where an individual paid a check on the faith of the signature of the drawer. which subsequently proved to be a forgery. Under the directions of the court the jury rendered a verdict for the defendants.

The counsel for the United States, having moved for a new trial, were heard January 16th, 1872. when the learned judge said that there were several interesting points in the case, which might be discussed, but it was only necessary to say that the delay of more than six years which had elapsed was fatal to the claim of the United States—that all the cases required the utmost diligence on the part of the drawee, a diligence analogous to that required in giving notice of the dishonor of commercial paper In this case had an individual been the plaintiff. the action would have been barred by the statute of limitations. He therefore refused the motion for a new trial.

UNITED STATES (COOKE v.). See Case No. 3,178.